## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

---

|  |  |  |
|---|---|---|
| GEICO MARINE INSURANCE COMPANY, | : : : | |
| Plaintiffs, | : : | Civil No.: 22-2789 (RBK-EAP) |
| v. | : : | **OPINION** |
| JASON MOSKOVITZ, | : : : | |
| Defendant. | : : | |

---

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff GEICO Marine Insurance Company (GMIC)'s Motion for Default Judgment (ECF No. 9). For the reasons set forth below, the Motion is **GRANTED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

GMIC brings this action pursuant to 28 U.S.C. § 2201 and seeks declaratory judgment that it is not required to provide insurance coverage under the Boat U.S. Marine Insurance Policy, Policy Number BSP 5511065-00 ("the Policy") issued by GMIC to Defendant Jason Moskovitz. (ECF No. 9 ("Mot.") at 4). Moskovitz purchased a 2006 Luhrs Boat Cruiser *RUM RUNNER* ("the Vessel") on November 4, 2021. (ECF No. 1 ("Compl.") ¶ 6). Moskovitz arranged for two individuals to bring the Vessel from Amityville, New York, to Atlantic City, New Jersey. (*Id.* ¶ 7). Moskovitz was not aboard the Vessel during this voyage. (*Id.*). Sometime shortly before 8:45 PM on November 9, 2021, the Vessel ran aground at or near the entrance to Absecon Inlet near Atlantic City, New Jersey, causing damage to the Vessel. (*Id.* ¶¶ 8–10). At 8:55 PM on November

1

9, 2021, Moskovitz applied to GMIC for coverage for the Vessel. (*Id.* ¶ 11). GMIC alleges that, at the time Moskovitz applied for coverage, he was aware the Vessel had grounded, was damaged as a result, was taking on water, and was in danger of sinking. (*Id.* ¶ 12). Moskovitz failed to advise GMIC of these facts in his application for coverage, and instead he falsely advised GMIC that the Vessel had not been in any accident and that the Vessel was sound and seaworthy. (*Id.* ¶¶ 13–15). GMIC alleges that it would not have issued the Policy if it had known the true facts regarding the Vessel having just grounded, being damaged, taking on water, and in danger of sinking. (*Id.* ¶ 16). On November 10, 2021, Moskovitz made a claim to GMIC under the Policy for damage sustained by the Vessel in the grounding, with estimated damages in excess of $100,000.00. (*Id.* ¶¶ 20–21).

The Policy includes a "Fraud and Concealment" provision, under which the Policy "is void if any insured or any insured's agent, at any time and regardless of intent, conceals, misrepresents or fails to disclose any material fact regarding this insurance, any application for insurance, the insured boat or any claim made under this policy." (*Id.* ¶ 18). It also includes a "Seaworthiness Warranty" provision, under which the policy holder "warrant[s] that at the inception of this policy the insured boat is in seaworthy condition. Violation of this warranty will void this policy from its inception." (*Id.*). In addition, the Policy states that it "applies only to loss occurring within the policy period as show[n] on the Declarations Page." (*Id.*). The policy period shown on the Declaration Page is "[f]rom 11/10/2021 to 11/20/2022 beginning and ending at 12:01 AM." (*Id.*).

GMIC filed the Complaint in this action on May 12, 2022. GMIC seeks declaratory judgment that GMIC "is legally authorized to deny the Claim, void the Policy back to its inception and . . . is under no obligation to provide Moskovitz insurance coverage under the Policy for any loss or damage Moskovitz may have suffered as a result of or arising out of the Vessel's Grounding on or about November 9, 2021." (*Id.* ¶ 47). GMIC argues it is entitled to this relief because (1) the

2

Policy was not in effect at the time of the grounding (*id.* ¶¶ 22–27); (2) the Policy is void *ab initio* because Moskovitz "deliberately misrepresented or omitted material information . . . in violation of the general maritime law doctrine of *uberrimae fidei*" at the time he applied to GMIC for coverage for the Vessel (*id.* ¶¶ 28–37); (3) the Policy is void under its own terms because Moskovitz made material misrepresentations and omissions in applying for insurance for the Vessel and in making the claim (*id.* ¶¶ 38–45); and (4) the Policy is void under its own terms because the Vessel was not seaworthy at the inception of the Policy (*id.* ¶¶ 46–51). The misrepresentation also violated the Policy's prohibition against fraud and misrepresentation in connection with its coverage. (*Id.*).

On June 30, 2022, Moskovitz was served personally with the summons and Complaint at his residence at 116 N. Valleybrook Road, Cherry Hill, New Jersey 08034 by a special process server. (Mot. at 5). GMIC filed proof of service with the Court on July 8, 2022. (ECF No. 3). As of the date of this Opinion, Moskovitz has not filed a responsive pleading, nor has Moskovitz requested an extension of time to respond to the Complaint. On August 9, 2022, GMIC requested the Clerk of this Court to enter a Clerk's default against Moskovitz, pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 7). On the same date, the Clerk of this Court entered default against Moskovitz. GMIC now moves this Court to grant default judgment.

## II.     JURISDICTION

"Before entering a default judgment against a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bank of Am., N.A. v. Hewitt,* No. 07–4536, 2008 WL 4852912, at *5 (D.N.J. Nov. 7, 2008). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333. The claim

involves a marine insurance contract and therefore falls under this Court's admiralty jurisdiction. *See Progressive Garden State Ins. Co. v. Metius*, 581 F. Supp. 3d 661, 663 (D.N.J. 2022).

Turning to the issue of personal jurisdiction, if the court lacks personal jurisdiction over a defendant, the court does not have authority to render a default judgment, and any such judgment will be deemed void. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). In the absence of an evidentiary hearing, a plaintiff's complaint need only establish a prima facie case of personal jurisdiction. *Allaham v. Naddaf*, 635 Fed. App'x 32, 36 (3d Cir. 2015). The New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest extent possible under the Due Process Clause. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Carteret Sav. Bank, FA v. Shusham*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)). Consequently, the Court may exercise personal jurisdiction over Defendant because he is a resident of New Jersey. The insurance contract at issue was delivered to a New Jersey address provided by Defendant in his application for insurance. (Mot. at 9; Compl. Ex. 1). We find this sufficient to satisfy the requirement that Plaintiff establish a prima facie case of personal jurisdiction.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n. 9 (3d Cir.1990) ("When a defendant fails to appear . . ., the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on

the merits whenever practicable." *Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Before entering default judgment, the Court must conduct a three-part analysis. First, the Court must determine whether the Clerk's entry of default was proper. *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783–84 (8th Cir.1998) (holding that entry of default under Rule 55(a) must precede entry of default judgment). This requires a finding that the plaintiff properly served the defendant and that the defendant failed to respond. *See* Fed. R. Civ. P. 55(a) (stating that default is appropriate if the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise");

Second, the Court must ascertain whether "the unchallenged facts constitute a legitimate cause of action." *DirecTV, Inc. v. Asher,* No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, 10A Federal Practice and Procedure, § 2688, at 63). Default judgment is permissible only if the plaintiff's factual allegations establish a right to the requested relief. *See Berman v. Nationsbank of Del.,* No. 97–6445, 1998 WL 88342, at *1 (E.D. Pa Mar. 2, 1998). Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions. *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990).

Third, even if default judgment is permissible, the court must weigh the following three factors, known as the *Emcasco* factors, to determine whether default judgment is appropriate: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 73 (3d Cir. 1987); *see also Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000). "In weighing these factors, [the] the district court[ ] must remain

mindful that, like dismissal with prejudice, default is a sanction of last resort." *GP Acoustics, Inc. v. Brandnamez, LLC,* No. 10–539, 2010 WL 3271726, at *2 (D.N.J. Aug. 17, 2010) (citing *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 867–68 (3d Cir.1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions")).

## IV.     ANALYSIS

### A.  Entry of Default

The Clerk of this Court properly entered default under Rule 55(a). GMIC filed its Complaint on May 12, 2022. On July 8, 2022, GMIC submitted a Certificate of Service of Summons and Complaint, which included a declaration from GMIC's process server that she personally served the Defendant at his home address on June 30, 2022. (ECF No. 3). Thus, GMIC properly served Moskovitz within 90 days after filing its Complaint. *See* Fed R. Civ. P. 4(m) (a plaintiff must serve the summons and complaint within 90 days from filing). Moskovitz did not respond to the Complaint within twenty-one days after service. *See* Fed. R. Civ. P. 12(a) (defendant must respond within twenty-one days of service). Thus, default was proper because Moskovitz received fair notice of the claims against him but did not respond.

### B.  Plaintiff's Cause of Action

Before a default judgment may be entered, "[t]he plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action." *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795, at *1 (D.N.J. Feb. 24, 2015). Because GMIC only seeks declaratory judgment, the Court must determine whether GMIC is entitled to declaratory judgment under the Declaratory Judgment Act.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Here, an actual controversy exists because Moskovitz filed a claim for coverage under the Policy issued by GMIC, who denies liability for coverage. *See Shelby Cas. Ins. Co. v. Statham*, 158 F. Supp. 2d 610, 618 (E.D. Pa. 2001) (finding actual case and controversy where "one party seeks to be paid under an insurance contract and another claims that it is under no obligation to do so").

Having determined that an actual controversy exists, the Court next turns to GMIC's claims. GMIC argues it owes no coverage to Plaintiff for three reasons. First, the Policy was not in effect at the time of the grounding. The grounding occurred shortly before 8:45 PM on November 9, 2021. (Compl. ¶ 10). According to the Policy's Declaration Page, the Policy did not go into effect until 12:01 AM on November 10, 2021. (*Id.* ¶ 19). We agree that the Policy was not in effect at the time of the grounding and that the Policy does not provide coverage for the claim for this reason. Second, under the admiralty doctrine of *uberrimae fidei*, the Policy is void. *See AGF Marine Aviation & Transp. v. Cassin*, 544 F.3d 255, 263 (3d Cir. 2008) (*uberrimae fidei* applies in maritime insurance disputes). Under this doctrine, a maritime insurance provider may avoid a policy if the insured failed to disclose all facts material to the risk when applying for insurance. *Id.* at 262. At the time Moskovitz applied for insurance with GMIC, at 8:55 PM on November 9, 2021, Moskovitz knew that the Vessel had grounded, was taking on water, and was in danger of sinking. (Compl. ¶ 12). We agree that Moskovitz's failure to disclose the damage to the Vessel at the time he applied for the Policy violates the doctrine of

7

*uberrimae fidei*, and therefore GMIC has a right to avoid the Policy. Finally, GMIC argues that the Policy is void under its own terms. Under the terms of the Policy, the Policy is void if Moskovitz "conceals, misrepresents, or fails to disclose any material fact regarding [the Policy], any application for insurance, the insured boat, or any claim made under [the Policy]." (Compl. ¶ 18). Because Moskovitz knew at the time he applied for insurance that the Vessel was grounded and in danger of sinking, and he failed to disclose this information to GMIC, we agree that the Policy is void under its own terms. Therefore, we find that GMIC is entitled to the declaratory relief it seeks.

### C. *Emcasco* Factors

Even where default judgment is permissible, the Court must consider three factors to determine whether default judgment is appropriate: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a meritorious defense; and (3) whether the defendant's delay is due to culpable conduct. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

The *Emasco* factors are satisfied here. First, because of the Defendant's failure to answer the complaint, "the Court's entry of default judgment is the only means by which [GMIC] can clarify its . . . obligations" under the Policy. *Great Lakes Insurance SE v. Ross*, — F.Supp.3d —, 2023 WL 372788, at *5 (D.N.J. Jan. 24, 2023). Second, having reviewed the record, the Court is unable to discern any meritorious defense to GMIC's claims. *See GP Acoustics, Inc. v. Brandnamez, LLC,* No. 10–539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (noting that a "[d]efendant's failure to answer makes it practically impossible for the Court to determine whether [the defendant has] a meritorious defense") (internal quotation marks and citations omitted). Third, there is nothing before the Court to suggest that the Defendant's failure to

answer is due to anything other than Defendant's willful negligence. *See Teamsters Pension Fund of Philadelphia and Vicinity v. American Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011).

## V.   CONCLUSION

For the reasons stated above, Plaintiff GMIC's motion for default judgment is **GRANTED.** Accordingly, it is hereby declared that (1) GMIC has no obligation to provide Defendant insurance coverage under the Policy for any loss or damage Defendant may have suffered as a result of or arising out of the Vessel's grounding on or about November 9, 2021, and (2) the Policy is void. An appropriate Order follows.


Dated:  4/26/2023                                        /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge